UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTIAN DOSCHER,**

       **Plaintiff,**

v.                                                         **Case No: 6:19-cv-1322-WWB-EJK**

**APOLOGETICS AFIELD, INC.,**

       **Defendant.**

### ORDER

This cause comes before the Court on Defendants'[1] Motion for Sanctions ("the Motion"), filed March 23, 2022. (Doc. 50.) On April 1, 2022, Plaintiff filed an affidavit and opposition to Defendants' Motion. (Doc. 53.) Thus, the Motion is ripe for review. Upon consideration, the Motion is due to be denied as moot.

Plaintiff filed the instant action on July 18, 2019, against James Patrick Holding ("Holding"), alleging Holding made various libelous statements against him. (Doc. 1.) Over the next two years, Plaintiff filed four amended complaints against Defendants (Docs. 14, 16, 21, 28). On March 23, 2022, Defendants filed the instant Motion for sanctions pursuant to the Court's inherent authority. (Doc. 50.) Defendants assert that the Court has the authority to impose sanctions on a party when it "has acted in bad

---

[1] At the time this Motion was filed, Plaintiff's Fourth Amended Complaint was directed to Defendants Apologetics Afield, Inc and Jiaoshi Ministries, Inc. (Doc. 28.) Those Defendants jointly filed this Motion. However, Plaintiff's Fifth Amended Complaint, filed August 24, 2022, dropped this action against Jiaoshi Ministries and was directed only toward Apologetics Afield. (Doc. 73.)

faith, vexatiously, wantonly, or for oppressive reasons." (*Id.* at 7 ¶ 3.) Defendants allege that Plaintiff engaged in harassing, threatening, and coercive behavior throughout the litigation process. (*Id.* at 3–6.) Thus, Defendants seek sanctions mainly in the form of dismissal with prejudice. (*Id.*)

Notably, on August 24, 2022, Plaintiff filed a fifth amended complaint. (Doc. 73.) On September 1, 2022, the District Court dismissed that complaint with prejudice as an impermissible shotgun pleading and closed the case. (Docs. 75, 76, 77.) While Plaintiff filed motions for reconsideration (Docs. 76, 77), they were later withdrawn. (Doc. 78.) Plaintiff then filed a Notice of Appeal. (Doc. 79.) Generally, the filing of a notice of appeal would deprive the district court of jurisdiction over issues affiliated with the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, it does not prevent the district court from taking action "in furtherance of the appeal" or prevent it from addressing motions on collateral matters. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citing *Lairsey v. Advanced Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976). Rule 11 motions are considered to raise issues collateral to the merits of an appeal, and therefore, may be ruled upon even after the court no longer has jurisdiction over the substance of the case. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). Thus, this court maintains jurisdiction over Defendants' Motion.

A case is considered moot when the issue presented to the court is "no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to the party." *Milien v. Gonzalez*, No. 2:08-cv-23-FtM-

34SPC, 2008 WL 2224434, at *1 (M.D. Fla. May 29, 2008). Given that the requested relief—dismissal with prejudice—has already occurred, Defendant's Motion is denied as moot.

While Defendants additionally request that they Court award their reasonable attorney's fees and costs (Doc. 50 at 10), their legal memorandum provides no legal support, much less an explanation, for their request. As such, the request for fees and costs runs afoul of Local Rule 3.01(a), and the undersigned does grant Defendants' request.

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Sanctions (Doc. 50) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE